IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SYLLA BANGALY, Administrator of )
the Estate of HAWA SISSOKO, Deceased, )
)
      Plaintiff, )
)
v. ) No. 09 C 2197
)
ALFRED C. BAGGIANI, et al., )
)
      Defendants. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff's motion to remand. For the reasons stated below, we grant the motion to remand.

## BACKGROUND

Defendant Alfred Baggiani (Baggiani) was allegedly a truck driver for Defendant Roadway Express, Inc. (Roadway). Roadway is a subsidiary of Defendant YRC Worldwide, Inc. (YRC). On May 30, 2007, Baggiani allegedly crashed his truck into the rear of Hawa Sissoko's (Sissoko) vehicle, killing Sissoko. Sylla Bangaly, an appointed independent administrator of Sissoko's estate, brought

the instant action in Illinois state court on behalf of the estate. Plaintiff includes in the complaint a wrongful death claim based on negligence (Count I) and a survival action claim based on negligence (Count II). Defendants removed the action to federal court and Plaintiff now moves to remand the action back to state court.

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441, a defendant can remove a state court action to federal court if the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441. Pursuant to 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The removal statute should be interpreted "narrowly" and a court should "presume that the plaintiff may choose his or her forum." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)(stating that "[a]ny doubt regarding jurisdiction should be resolved in favor of the states"). The "party seeking removal" bears the "burden of establishing federal jurisdiction." *Id.*

## DISCUSSION

Plaintiff argues that this court lacks diversity subject matter jurisdiction since both Plaintiff and Baggiani are citizens of Illinois. Defendants asserted in their

2

notice of removal that "[t]his court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the real parties in interest are citizens of different states and the amount in controversy exceeds $75,000." (Not. Par. 11). A federal court has diversity subject matter jurisdiction when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States. . . ." 28 U.S.C. § 1332(a). A removing defendant that "removed the case on diversity grounds, . . . as the party seeking to invoke federal diversity jurisdiction, . . . bears the burden of demonstrating that the complete diversity and amount in controversy requirements were met at the time of removal." *Tylka v. Gerber Products Co.*, 211 F.3d 445, 448 (7th Cir. 2000); *see also Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007)(indicating that for diversity purposes the parties must be diverse at the time of removal). An individual's citizenship in regard to diversity subject matter jurisdiction is the individual's domicile. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002)(stating that "[c]itizenship for purposes of the diversity jurisdiction is domicile, and domicile is the place one intends to remain"). In order to establish a domicile, an individual "generally must be physically present at the location and intend to make that place his home for the time at least." *Sadat v. Mertes*, 615 F.2d 1176, 1180 (7th Cir. 1980).

In the instant action, Defendants contend that Baggiani's domicile is in Indiana. Defendants contend that although Baggiani still owns a home in Illinois, Baggiani allegedly moved to Indiana to live until he retires with a woman named Sophie who he claims will be his future wife. Defendants contend that Baggiani stated at his deposition that: (1) when he moved from Illinois to Indiana in 2007, he brought all his essential personal items with him, (2) he has spent no more than three nights in Illinois since moving to Indiana, (3) he helps Sophie with the household expenses, (4) and he has personally made home improvements on the Indiana residence. When Baggiani was asked at his deposition if he intended to stay in Indiana with Sophie, he stated: "As long as I love her, I'll stay there." (Rem. 10)(Ans. 5). Despite Baggiani's affirmations that he intends to stay in Indiana, there is ample circumstantial evidence that indicates otherwise. *See Sadat*, 615 F.2d at 1181 (stating that for assessing whether an individual had a domicile in a state, such an "intent is a state of mind which must be evaluated through the circumstantial evidence of a person's manifested conduct" and "statements of intent are entitled to little weight when in conflict with the facts")(internal quotations omitted); *Perry v. Pogemiller*, 16 F.3d 138, 140 (7th Cir. 1993)(stating that "[i]t is well-established that in ascertaining intent to remain for purposes of establishing domicile a party's entire course of conduct may be taken into account" and "[i]t is not enough to simply

4

establish physical presence, but in order to turn residence in fact into a domicile in law the party must show, by some objective act, his intention to maintain the residency indefinitely"); *24 Hour Fitness USA, Inc. v. Bally Total Fitness Holding Corp.*, 2008 WL 4671748, at *3 (N.D. Ill. 2008)(stating that "[w]hile no individual factor is dispositive in determining domicile, courts rely on a variety of factors in their analyses, including current residence, location of belongings and personal property, voter registration, driver's license and vehicle registrations, place of employment, presence of family members, and extent of social involvement in the surrounding community, among others").

The following facts have not been contested by Defendants. Baggiani currently has an Illinois Commercial Driver's License. (Rem. 6). Baggiani stated on an application for his license on September 11, 2008, after he allegedly moved his domicile to Indiana, that his domicile was at his home in Illinois (Illinois Address). (Rem. 6). Baggiani still has a mortgage for the Illinois Address and never informed the mortgage company that the owner no longer occupied the home. (Rem. 6). In 2008 and 2009, various documents and bills, such as the mortgage interest statement for the Illinois Address, were still sent to the Illinois Address. (Rem. 6-9). Baggiani's Illinois Address is listed as his residence on various Illinois and federal tax forms and filings in 2008 and 2009. (Rem. 6-8). Baggiani listed the Illinois

5

Address on a variety of forms in 2008 such as on a health certificate permitting him to operate a commercial motor vehicle. (Rem. 6-9). In 2008, Baggiani's payroll stub with YRC reflected the Illinois Address. (Rem. 7). Baggiani never informed the U.S. postal service of a change of address from the Illinois residence. (Rem. 8). Baggiani's union still has him listed as residing at the Illinois Address. (Rem. 8). In 2009, Baggiani had a bank account in Illinois that listed his Illinois Address and he used checks that reflected the address. (Rem. 8). In June 2009, Baggiani registered his two automobiles in Illinois and has current Illinois license plates for the vehicles. (Rem. 8). Baggiani also still has a fully operational telephone number at the Illinois Address. (Rem. 8). Baggiani also registered to vote in Cook County, Illinois in November 2008 and he voted in November 2008 in Illinois. (Rem. 9). Baggiani has never obtained a driver's license in Indiana or voted in Indiana or registered any vehicles in Indiana. (Rem. 9). Thus, there is ample evidence of Baggiani's recent activities tying Baggiani to Illinois, despite his insistence that he has moved to Indiana and intends to remain there.

Baggiani does not contest the fact that he still owns the house in Illinois. *See Craig v. Ontario Corp.*, 543 F.3d 872, 876 (7th Cir. 2008)(stating that "[p]rincipal place of residence, or domicile, is central to determining citizenship"). Baggiani claims that he "fully intends to sell the Illinois house. . . ." (Ans. 6). He claims that

he has not sold the house because he "cannot receive a fair price for the house at this time." (Ans. 6). However, as Plaintiff points out, Baggiani never sought an appraisal for the Illinois Address and never made any efforts to list the house with a real estate agent or made any other efforts to sell the house. (Rem. 9). In light of the complete lack of any objective manifestations of an intention to sell the house, Baggiani's claims to the contrary sound hollow. Baggiani also claims that the reason that the Illinois Address appears on some bills is for convenience. Baggiani states that he regularly stops at the Illinois Address to perform property maintenance. However, Baggiani has not explained why it would not be more convenient to have the bills sent to the house in Indiana, where he claims he intends to stay. Nor has he explained why it would be more convenient to have vehicles registered in Illinois and have Illinois license plates if he lives in Indiana. In addition, more than just bills continue to be sent to the Illinois Address. Baggiani's union and his employer still have him listed as residing at the Illinois Address. It would seem likely that Baggiani would need to keep close contact with both entities rather than merely waiting to get letters when he happened to stop by the Illinois Address. Also, if, as Baggiani claims, he only stops by to do property maintenance, such as mowing the lawn, and he never intends to return to the Illinois Address, it is unclear why he would maintain a fully functional phone number for the address. Baggiani also

7

claims that he never obtained an Indiana commercial driver's license since he worried that there would be a delay in obtaining a new license and that would keep him from working during the delay. However, such an excuse seems unlikely considering that Baggiani signed various forms when obtaining the Illinois license swearing that his domicile was in Illinois. Baggiani in fact signed a variety of documents indicating that he resides in Illinois, such as when he registered to vote in Illinois, and when his Illinois Address appeared on tax documents and forms he signed. Extensive evidence reflects that Baggiani's domicile is Illinois and that he temporarily also resides in Indiana. Based on the ample evidence showing that Baggiani continues to maintain his domicile in Illinois, we conclude that Defendants have not met their burden to show that Baggiani changed his domicile to Indiana. Thus, the court lacks diversity subject matter jurisdiction and we grant Plaintiff's motion to remand.

## CONCLUSION

Based on the foregoing analysis, we grant Plaintiff's motion to remand and remand this action pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

_____
Samuel Der-Yeghiayan
United States District Court Judge


Dated: August 11, 2009